## THE LOUISIANA STATE BANK *v.* HARALSON et al.

Where judgment has been obtained against the maker and endorsers of a note, an agreement to suspend execution for a short time against the maker, will not discharge the endorsers.

A judgment is not extinguished by the lapse of ten years.

APPEAL from the District Court of West Feliciana, *Boyle*, J. *Ivor*, for the appellants. *Haralson*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiff obtained a judgment against *Haralson*, as the maker, and *Pope* and *Young* as the endorsers, of several promissory notes. A part of the judgment was paid. *Young* subsequently died; and the plaintiffs have taken this rule upon his widow and heirs, who have accepted his succession, to show cause why the judgment should not be rendered executory against them, and they be condemned to pay each their virile portion of the debt. In answer to this rule they plead the prescriptions of five and ten years, and further aver that they have been discharged from liability to pay the debt, by the act of the plaintiffs in granting indulgence to the principal debtor, *Haralson*. The rule was discharged in the court below, and the plaintiffs have appealed.

Upon the judgment obtained by the plaintiffs, an execution was issued against the defendants. *Haralson* thereupon requested the plaintiffs' attornies, by letter, to suspend the execution of the writ for a few days, and promised, if this indulgence were granted, to satisfy the debt. The plaintiffs' attorneys, upon the receipt of this application, addressed the following note to the sheriff: "The sheriff will please file this letter, and give a stay of one week or seven days, believing that *Mr. Haralson* will comply with the promise contained above, and that, if he does, it will be best for the bank."

This indulgence to the principal debtor, it is contended, has discharged the defendants, whose ancestor was the endorser of *Haralson.* The authority of the attorneys to grant the delay has been brought in question by the plaintiffs, but it does not become necessary to enquire whether or not they exceeded their powers ; for if the indulgence had been specially authorised by the plaintiffs, still it would not have operated the discharge of the defendants. "Even a valid agreement to give time to the maker, or to a prior endorser, will not discharge a subsequent endorser, or affect the rights of the holder, when the indulgence is granted, or agreed to be granted, after such subsequent endorser has been fixed with a final judgment against him on the note, at the suit of the holder." Story on Prom. Notes, § 417.

The prescriptions pleaded can not avail the defendants. Judgments are not extinguished by the lapse of ten years.

The judgment of the District Court is therefore reversed. It is further ordered that the defendants in the rule pay each their virile portion of the sum remaining due upon the judgment obtained by the *Louisiana State Bank* against *Haralson, Pope* and *Young,* in the suit numbered 464 of the District Court of the parish of West Feliciana ; the appellees paying the costs of both courts.